PER CURIAM.
The trial court entered a partial summary judgment based on a written release the appellant and the appellees had executed several years prior to the institution of these proceedings. The appellant claimed that the release was invalid for a number of reasons. We find that there are still issues of material fact concerning whether there was both a lack of consideration and a failure of consideration for the release based upon the collapse of the overall settlement agreement which gave rise to the release. See Finkelstein v. Stockhauser, 546 So.2d 808 (Fla. 4th DCA 1989). Further, there is also a material issue of fact as to whether the release was ineffective because it was fraudulently induced. See Henson v. James M. Barker Co., 555 So.2d 901 (Fla. 1st DCA), rev. denied, 564 So.2d 487 (Fla.1990). Appellee Kamelhair argues that he had no duty to disclose the matters of which the appellant now complains, because the parties were in an adverse relationship at the time of the execution of the release. However, that too is a disputed question of fact.
Reversed and remanded for further proceedings.
WARNER, POLEN and FARMER, JJ., concur.